# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE TSATSARONIS | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION H-17-1437 |
| | § | |
| UNITED AIRLINES, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant United Airlines, Inc.'s motion for summary judgment. Dkt. 13. Plaintiff George Tsatsaronis responded. Dkt. 16. United replied. Dkt. 19. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be DENIED in part and GRANTED in part.

### I. BACKGROUND

This is an employment discrimination case. Dkt. 1-2. Tsatsaronis has Multiple Sclerosis ("MS"). Dkt. 13 at 1. In 2016, United terminated Tsatsaronis's seventeen-year employment citing attendance issues "caused by his MS disability." *Id.* at 2. Tsatsaronis sued United in state court to recover for: (1) disability discrimination; (2) hostile work environment; (3) failure to accommodate; and (4) retaliation. Dkt. 1-2 Dkt. 13 at 20–37. United removed. Dkt. 1. Then, it moved for summary judgment on all four claims arguing that its former employee could not establish a prima facie case or pretext for any of those claims. *See id.*

### II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inference in favor of the non-movant. *Envtl. Conservation Org. V. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008). The Fifth Circuit has held that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgement." *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (*quoting Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (internal quotations omitted).

### III. ANALYSIS

United failed to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact on Tsatsaronis's first three claims.[1] *See Celotex*, 477 U.S. at 323. As a result, the court

---

[1] For example, United did not meet its burden on the disability discrimination claim because it failed to show the absence of a triable fact on whether Tsatsaronis was "qualified" for the job.

must deny United's motion as to those claims. *See Little*, 37 F.3d at 1075. For this reason, the instant motion (Dkt. 13) is DENIED, in part.

United also argued that it is entitled to summary judgment on Tsatsaronis's retaliation claim because he cannot raise a triable fact issue on causation and because he "effectively conced[ed] the point" by failing "to make any argument to support his retaliation claim." Dkt. 13 at 29; Dkt. 19 at 1.

Tsatsaronis failed to raise a triable issue of fact on his retaliation claim. *See* Dkt. 16 at 30. While the record contains fact issues that could defeat summary judgment on a retaliation claim, Tsatsaronis failed to raise a fact issue with respect to this retaliation claim. *Compare* Dkt. 1-2 at 7, *with* Dkt. 16 at 30. Initially, he alleged that United retaliated against him after he filed an EEOC charge. Dkt. 1-2 at 7. However, at summary judgment, he tied that claim to an earlier point in time. *Id.* Namely, he cited his request for leave as the basis for his claim. *See* Dkt. 16 at 30. On this record, Tsatsaronis cannot raise a fact issue to defeat summary judgment on the claim he first alleged. For this reason, United's motion is GRANTED, in part, and his retaliation claim is DISMISSED with PREJUDICE.

---

*Compare* Dkt. 13 at 15, *and* Dkt. 16 at 2, and Dkt. 13-1 at 25, *and id.* at 28–30, *and id.* at 37–39, *and* Dkt. 13-2 at 44, 46, *and* Dkt. 16-15 at 16, *with Carmona v. Sw. Airlines Co.*, 604 F.3d 848, 859–61 (5th Cir. 2010) (jury could have concluded that flight attendant was qualified even though his irregular attendance violated the airline's written policy because evidence showed that he could have satisfied its unwritten policy). United also failed to meet that burden on the hostile work environment claim because fact issues exist on whether Tsatsaronis was harassed based on his disability and whether that harassment affected a term, condition, or privilege of his employment. *Compare* Dkt. 13 at 21, *with* Dkt. 13-2 at 37–38, 48. Finally, United did not meet its burden on the failure to accommodate claim with respect to whether Tsatsaronis could perform the essential functions of his job. *Cf. Crossley v. CSC Applied Techs.*, 569 F. App'x 196, 199 (5th Cir. 2014) (per curiam); *compare* Dkt. 13 at 21, 26, *with* Dkt. 13-2 at 36–38, 44, 46, 48, *and* Dkt. 16-15 at 14–16.

## IV. Conclusion

Because United failed to show an absence of a triable issue of fact on Tsatsaronis's claims for disability discrimination, hostile work environment, and failure to accommodate, the instant motion is DENIED, in part. However, because Tsatsaronis failed to raise a fact issue on his retaliation claim, the instant motion is GRANTED, in part, and that claim is DISMISSED with PREJUDICE.

Signed at Houston, Texas on June 20, 2018.

_____
Gray H. Miller
United States District Judge